### [No. 2672.]

### PRICE TALLANT v. THE STATE.

THEFT—INFORMATION.—To constitute theft there must be a specific intent to deprive the owner of the value of the property taken; and to charge the offense the indictment or information must allege this intent.

APPEAL from the County Court of Bell. Tried below before the Hon. W. M. Minyard, County Judge.

The conviction was for the theft of five dollars in currency of the United States, from J. T. Reese. The penalty imposed by a verdict of guilty was confinement for a term of six months in the county jail.

*W. K. Saunders*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. One of the statutory elements in the definition of theft is that the fraudulent taking was "with intent to deprive the owner of the value of" the property taken. (Penal Code, Art. 724.) In *Williams* v. *The State*, speaking of the requisites of an indictment, it is said "it must charge explicitly all that is essential to constitute the offense, and cannot be aided by intendments." (12 Texas Ct. App., 395.)

To constitute theft, there must be a specific intent to deprive the owner of his ownership in the thing taken, and, under our Codes, this intent must be alleged.

Because the information in this case fails to charge that the property was stolen "with intent to deprive the owner of the value of the same," it is fatally defective, and the judgment must be reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered May 23, 1883.